FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GABRIELLA SHERIF RIZKALLA, <br><br> Defendant. | No. 2:25-CR-00075-RLP-4 <br><br> ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE <br><br> **MOTION GRANTED** <br>     **(ECF No. 174)** |

Pending before the Court is Defendant GABRIELLA SHERIF RIZKALLA's Motion to Modify Conditions of Release. **ECF No. 174**. Specifically, Defendant seeks permission to travel to Egypt. The United States opposes Defendant's motion due to the nature of the charged offenses and Egypt's lack of extradition agreement with the United States.

The Court may modify conditions of pretrial release pursuant to 18 U.S.C. § 3142(c)(3). Specifically, "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." *Id*. The district court may also modify conditions of release on review of this Court's release order (or detention order) pursuant to 18 U.S.C. § 3145.

The Court has fully reviewed and considered Defendant's Motion to Modify Conditions of Release, **ECF No. 174**; the Order Modifying Order Following

ORDER - 1

Detention Review Hearing, ECF No. 137; the Order following Detention Review Hearing, ECF No. 114; the Order Following Initial Appearance and Arraignment on Indictment, ECF No. 70; the Pretrial Services Report, ECF No. 46; the United States' Motion for Detention, ECF No. 44; the Indictment, ECF No. 1; the arguments and proffers of counsel; and the case file generally. Pursuant to 18 U.S.C. § 3142, the Court has also again considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g). The Court has also considered the rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A) as this case involves an offense under Title 21.

After full consideration of the factors and materials noted above, the Court finds Defendant's current release conditions, Defendant's good conduct on pretrial release, the additional requirements of this Order, and the serious consequences Defendant would face if she failed to return from Egypt all are sufficient to continue to reasonably assure Defendant's future appearance and to reasonably assure the safety of the any other person and the community.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release, **ECF No. 174,** is **GRANTED.**

2. Prior to traveling outside of the Eastern District of Washington, Defendant shall execute and submit a $10,000 appearance bond form with the

ORDER - 2

District Court Clerk's Office.  If Defendant fails to appear before the District Court as required, Defendant shall pay the $10,000 bond in cash with the District Court Clerk's Office.  Defendant shall not be required to pay any portion of the bond unless Defendant fails to appear before the District Court as required.

**IT IS SO ORDERED.**

DATED November 20, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3